```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**JOHN DAVIS AND VICKY DAVIS,**
**FOR AND ON BEHALF OF ALL**
**OTHERS SIMILARLY SITUATED**                              **PLAINTIFFS**

**VS.**                             **CIVIL ACTION NO. 3:05CV365-WHB-AGN**

**U-HAUL COMPANY OF MISSISSIPPI**                            **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant U-Haul Company of Mississippi (hereinafter "U-Haul") to Strike Expert Report of G. Wayne Culver. Having considered the Motion, Response and Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion to Strike is not well taken and should be denied.

This cause of action arises out of a wage dispute. Plaintiffs John Davis and Vicky Davis worked for Defendant U-Haul. After complaining that they were not paid overtime for hours worked in excess of forty hours per week, the Davises were fired. The subject suit ensued. The Claims in the Complaint are brought under the Fair Labor Standards Act (hereinafter "FLSA") and under Mississippi common law. Under the FLSA, plaintiffs seek the overtime pay allegedly due to them, as well as damages for their alleged wrongful termination in retaliation for raising the overtime issue with U-Haul. The common law claim is based on

conversion of wages allegedly due and payable to Plaintiffs. Plaintiffs also seek punitive damages.

On November 4, 2005, Plaintiffs designated G. Wayne Culver as an expert in the filed of wage and hour issues under the FLSA. U-Haul filed the subject Motion to Strike Culver on December 20, 2005. The Motion to Strike is now ripe for decision.

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit held that in deciding the admissibility of expert testimony, "the court must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." Quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Guy court went on to state a nonexclusive list of factors to consider in determining the reliability of proposed expert testimony. The factors are "whether the proposed evidence or theory 'can be (and has been) tested'; whether it 'has been subjected to peer review

and publication'; whether it has been evaluated in the light of 'potential rate[s] of error'; and whether the theory has been accepted in the 'relevant scientific community'." Guy, 394 F.3d at 325 (citing Daubert, 509 U.S. at 593-94).  Analysis of whether proposed expert testimony is reliable "must remain flexible: not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." Id. (citation omitted).

U-Haul first argues that Culver should be stricken because he is not qualified as an expert witness.  Supporting this contention, U-Haul asserts that his opinions would not assist the trier of fact.  The issue of whether a wage and hour expert is able to assist the trier of fact was considered by the United States Court of Appeals for the Seventh Circuit in Wirtz v. Turner, 330 F.2d 11 (7th Cir. 1964).  In a case dealing with overtime compensation issues under the FLSA, the Wirtz court held "[a]n expert may testify to computations based on facts which are in evidence as an aid to the jury's determination." Id. at 14.  Based on this holding, the Court rejects Defendant's initial argument.

U-Haul next argues that Culver should not be allowed to testify because his opinions represent legal conclusions.  Finding that this argument is without merit, the Court again relies on the holdings in Wirtz.  So long as Culver's calculations are based on admissible evidence, he will be allowed to testify.  The Court

recognizes that in a suit such as this, the expert during the trial may cross the line by offering inadmissible legal conclusions. If such testimony is offered at trial, and upon proper objection by U-Haul, the testimony will be disallowed.

Defendant's third and fourth arguments are that Culver should be stricken as an expert because his opinions are based on hearsay, and that his opinions are not founded on personal knowledge of the facts. These arguments are both essentially hearsay arguments. In Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265, 275 (5th Cir. 1998), the Fifth Circuit, citing Rule 703 of the Federal Rules of Evidence, held that "experts may rely upon hearsay that is trustworthy." (Other citation omitted). Based on the evidence currently before the Court, there is no indication that the purported hearsay evidenced relied upon by Culver is untrustworthy. The Court therefore rejects Defendant's third and fourth arguments.

For all of the reasons stated above, the Court finds that Defendant's Motion to Strike Plaintiffs' Expert is not well taken and should be denied.

IT IS THEREFORE ORDERED that Motion of Defendant U-Haul Company of Mississippi to Strike Expert Report of G. Wayne Culver (docket entry no. 17) is hereby denied.

SO ORDERED this the 30th day of January, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct