IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOHN DAVIS AND VICKY DAVIS,
FOR AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                          PLAINTIFFS

VS.                             CIVIL ACTION NO. 3:05CV365-WHB-JCS

U-HAUL COMPANY OF MISSISSIPPI                       DEFENDANT


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion for Summary Judgment of Defendant U-Haul Company of Mississippi (hereinafter "U-Haul").  Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken in part and should be granted in part, and that the Motion is not well taken in part and should be denied in part.

**I.  Factual Background and Procedural History**

This cause of action arises out of a wage dispute.  Plaintiffs John Davis and Vicky Davis worked for Defendant U-Haul.  After complaining that they were not paid overtime for hours worked in excess of forty hours per week, the Davises were fired.  The Davises contend that their termination was based on that complaint, while Defendant U-Haul claims that they were fired for failing to

properly clock-in when arriving at work, and clock-out when leaving.

The subject suit ensued. The Claims in the Complaint are brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (hereinafter "FLSA") and under Mississippi common law. Under the FLSA, Plaintiffs seek the overtime pay allegedly due to them (count one of Complaint), as well as damages for their alleged wrongful termination in retaliation for raising the overtime issue with U-Haul (count three of Complaint). The common law claim is based on conversion of wages allegedly due and payable to Plaintiffs (count two of Complaint). Plaintiffs also seek punitive damages (count four of Complaint).

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear

2

the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>see also</u>, <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 549 (5th Cir. 1989); <u>Washington v. Armstrong World Indus.</u>, 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the op-ponent's claim. <u>Id.</u> As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. <u>Id.</u> at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it

unlikely that the non-moving party will prevail at trial.  <u>National</u>
<u>Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th
Cir. 1962).

### III.   Analysis

**A.   Overtime Pay Claim**

Plaintiffs' overtime pay claim is based on alleged violations
of 29 U.S.C. § 207(a)(1).  Section 207(a)(1) states:

> (a) Employees engaged in interstate commerce; additional
> applicability to employees pursuant to subsequent
> amendatory provisions
> (1) Except as otherwise provided in this section, no
> employer shall employ any of his employees who in any
> workweek is engaged in commerce or in the production of
> goods for commerce, or is employed in an enterprise
> engaged in commerce or in the production of goods for
> commerce, for a <u>*workweek longer than forty hours unless*</u>
> <u>*such employee receives compensation for his employment in*</u>
> <u>*excess of the hours above specified at a rate not less*</u>
> <u>*than one and one-half times the regular rate at which he*</u>
> <u>*is employed*</u>.

(Emphasis added).

Plaintiffs claim that they worked for U-Haul an average of
fifty-five hours per week during the relevant time frame from June
6, 2004, through February 4, 2005.  They further asserts that they
were not compensated for the fifteen hours of overtime per week, at
the required rate of one and one-half of their regular pay rate.
Analyzing this issue, the Court must initially consider whether
Plaintiffs can prove that they actually worked over forty hours per
week.

In determining whether Plaintiffs meet this initial requirement of the overtime pay claim, the Court looks to the holdings in <u>Reeves v. Int'l Telephone and Telegraph Corp.</u>, 616 F.2d 1342 (5th Cir. 1980), <u>*implied overruling on other grounds recognized by*</u> <u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1042 n.4 (5th Cir. 1999).  The <u>Reeves</u> court held:

> Under the Act, an employee who brings suit for unpaid overtime compensation bears the burden of proving, <u>*with definite and certain evidence, that he performed work for which he was not properly compensated*</u>. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); <u>Marshall v. Dallas Independent School District</u>, 605 F.2d 191 (5th Cir. 1979); <u>Johnson v. Dierks Lumber & Coal Co.</u>, 130 F.2d 115 (8th Cir. 1942). Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute,[FN11] imprecise evidence on quantum can provide a "sufficient basis" for damages. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. at 687, 66 S.Ct. at 1192; <u>Marshall v. Mammas Fried Chicken, Inc.</u>, 590 F.2d 598 (5th Cir. 1979); <u>Hodgson v. Jones</u>, 434 F.2d 1061 (5th Cir. 1970). Under these circumstances, we have "in effect ordered the fact finder to do the best he could in assessing damages." <u>Mitchell v. Riley</u>, 296 F.2d 614, 616 (5th Cir. 1961). As the Supreme Court observed in <u>Anderson v. Mt. Clemens Pottery Co.</u>:
>
> > The solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.
> > * * * * *
> > In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and <u>*if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference*</u>.
> > * * * * *
> 328 U.S. at 687-688, 66 S.Ct. at 1192.

5

FN11. 29 U.S.C. s 211(c) provides as follows:
Every employer subject to any provision of this chapter
or of any order issued under this chapter shall make,
keep, and preserve such records of the persons employed
by him and of the wages, hours and other conditions and
practices of employment maintained by him, and shall
preserve such records for such periods of time, and shall
make such reports therefrom to the Administrator as he
shall prescribe by regulation or order as necessary or
appropriate for the enforcement of the provisions of this
chapter or the regulations or orders thereunder.

Reeves, 616 F.2d at 1351-52 (emphasis added).

Summarizing the Reeves holdings, unless U-Haul failed to

maintain applicable employment records, Plaintiffs must prove that

they worked overtime by "definite and certain evidence."  If U-Haul

did fail to properly maintain Plaintiffs' employment records, then

Plaintiffs must prove that they worked the claimed overtime hours

through evidence providing a "just and reasonable inference" of

such.  The Court finds that the "just and reasonable inference"

standard applies in this case because U-Haul did not properly

maintain Plaintiffs' time records.  This finding is based on

evidence presented to the Court to the effect that Plaintiffs were

not provided time cards with which to clock-in and clock-out.

Affidavit of Marvin Hightower, ¶ 4, attached as Exhibit "B" to

Plaintiffs' Response; Letter from Plaintiffs to U-Haul, attached as

Exhibit "E" to Complaint.

In determining how to apply the "just and reasonable inference

standard," the Court looks to the holdings of the United States

Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,

66 S.Ct. 1187, 90 L.Ed. 1515 (1946).  In <u>Anderson</u>, the Supreme Court held that

> an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

<u>Id.</u> at 687-88 (citation omitted); <u>see also</u> <u>Harvill v. Westward Commc'ns. LLC</u>, 433 F.3d 428, 441 (5th Cir. 2005)(citing <u>Anderson</u>).

The first question under the <u>Anderson</u> analysis is whether Plaintiffs have produced evidence from which a reasonable inference can be drawn regarding the amount of overtime hours that they worked.  Although they have no documentary evidence of the alleged overtime hours worked, Plaintiffs do provide inferential evidence of their work hours.  Plaintiffs were the only managers of the Gibraltar Drive U-Haul facility.  As such, they had to be at the facility during all store hours.  The store hours were from 7:00 a.m. to 6:00 p.m.  Vicky Davis Deposition Transcript, p. 118, attached as Exhibit "C" to Plaintiffs' Response.  This equates to an eleven hour work day, a fifty-five hour work week and fifteen overtime hours per week.  Further Plaintiffs contend that they rode to work together and left together, because Vicky Davis could not drive their standard-shift vehicle.  John Davis Deposition

7

Transcript, pp. 126-27, attached as Exhibit "A" to Plaintiffs'
Response.  This evidence satisfies the first <u>Anderson</u> factor, at
least for summary judgment purposes.

The second step in the <u>Anderson</u> analysis is consideration of
any evidence presented by U-Haul in rebuttal to Plaintiffs'
evidence set forth in the preceding paragraph.  U-Haul presented no
such evidence.  It simply argues that Plaintiffs' own testimony is
insufficient to support a calculation of overtime hours worked by
them.  This argument is insufficient.  The Court therefore finds
that a genuine issue of material fact exists with regard to
Plaintiffs' overtime pay claim, and that summary judgment must be
denied on this claim.

**B.    Wrongful Discharge Claim**

Plaintiffs allege that they were wrongfully discharge in
retaliation for requesting overtime pay, which is a violation of
the FLSA.  This retaliatory discharge claim is based on 29 U.S.C.
§ 215(a)(3), which states that it is unlawful

> to discharge or in any other manner discriminate against
> any employee because such employee has filed any
> complaint or instituted or caused to be instituted any
> proceeding under or related to this chapter, or has
> testified or is about to testify in any such proceeding,
> or has served or is about to serve on an industry
> committee[.]

To establish a *prima facie* case of retaliation under § 215(a)(3),
a plaintiff must prove that: "(1) the employer was aware of
plaintiff's participation in protected activity; (2) that an

adverse employment action was taken against the plaintiff engaged
in the protected activity; and (3) that the two elements are
related causally." Strickland v. MICA Info. Sys., 800 F.Supp. 1320,
1323 (M.D. N.C. 1992)(citation omitted).  If a plaintiff proves her
*prima facie* case, then the burden shifts to the defendant to
proffer a legitimate, non-discriminatory reason for the adverse
employment action.  See generally, Kanida v. Gulf Coast Med.
Personnel LP, 363 F.3d 568, 572-73 (5th Cir. 2004).

U-Haul concedes that the first two tests for a *prima facie*
case of retaliation are met.  However, U-Haul argues that
Plaintiffs cannot prove a causal connection between their
engagement in protected activity and their employment termination.
Specifically, U-Haul argues that they had a legitimate reason for
firing Plaintiffs.  The purported reason is that Plaintiffs failed
to properly clock-in and clock-out for work.[1]  Whether this was the
actual reason for Plaintiffs' employment termination must be left
to the finder of fact at trial.  A question exists as to whether
Plaintiffs were ever provided time cards with which to clock-in and
clock-out.  See supra, section III.A. of this Opinion.  Also, a
question exists as to whether this reason was a pretext for the

_____

[1]U-Haul also argues that Plaintiffs were fired for improper
password sharing.  However, that purported reason for Plaintiffs'
termination did not emerge until *after* this litigation was
initiated.  Therefore, the password sharing issue does not
represent a valid reason for Plaintiffs' firing upon which U-Haul
may support its argument.

actual, discriminatory reason for firing Plaintiffs. <u>See</u> Affidavit of Marvin Hightower, ¶ 8, attached as Exhibit "B" to Plaintiffs' Response (stating that "Doug Weston, III, informed me in January 2005, that he was going to remove the Plaintiffs from the Defendant's Gibraltar Drive location because they were complaining of not being paid overtime."). Summary Judgment on this claim must be denied.

**C.   Conversion Claim**

Plaintiffs conceded that the conversion claim should be dismissed on summary judgment. Accordingly, summary judgment is granted on this claim.

**D.   Punitive Damages Claim**

U-Haul made no arguments with regard to Plaintiffs' punitive damages claim. This claim will proceed to trial.

### IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant U-Haul Company of Mississippi (docket entry no. 41) is hereby granted in part and denied in part. The Motion is granted to the extent that Plaintiffs' conversion claim is hereby dismissed, with prejudice. The Motion is denied in all other respects.

SO ORDERED this the 12th day of July, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct